Call the next case, Health and Body Store v. Justbrands. Mr. Palumbis. Good morning, Your Honors. May it please the Court, Robert Palumbis for the appellants, Hot Heads International and LLC. I'd like to reserve three minutes for rebuttal, please. Your Honors, the trial judge in this case denied a preliminary injunction because he failed to properly address the two primary issues that were before him, which were, do the defendants owe plaintiffs fiduciary duty? And if so, did the defendants breach that fiduciary duty by taking exclusive control of two websites that had been the entire business of the Health and Body Store for more than two years? If duties were owed, fiduciary duties were owed, you are asserting here that fiduciary duties were breached, is that right? That's correct. So, specifically, what were they, how exactly did the defendants breach those duties? They breached both the duty of care and the duty of loyalty, Your Honor, and they did so because the Health and Body Store's business was these two websites. The websites were the online store for the Health and Body Store, LLC. The defendants were employees of Hot Heads International, and so they owed fiduciary duties in that role. Justbrand Wait, they owed fiduciary duties to Hot Heads because they were employees? That's right. There's case law that we've cited that says that employees, as agents, owe a fiduciary duty, both of loyalty and of care, to act in the best interests of their employers. The employer here is Hot Heads International, which is a member of the Health and Body Store. In addition to that, the defendants, the individual defendants, are the sole owners of Justbrand Limited, which is also a member in the Health and Body Store, LLC. And so they have the fiduciary duties, the defendants have fiduciary duties in both respects. The way they breached those duties was that they essentially eviscerated this business by taking not just a corporate opportunity that was before the Health and Body Store, they took the very corporate opportunity that had been being pursued by the Health and Body Store, LLC, for two years. Could you speak to the intention that these are our websites? They're not yours. They're registered in our name. They were always ours. You, in fact, proposed an agreement whereby the websites would be transferred to Hot Heads and Health and Body Store. But they were not. The agreement was never signed. So there was never a transfer of ownership of those websites. They were ours. We're leaving. We're taking our stuff with us. Well, Your Honor, first of all, I think that there's overwhelming evidence in the record that those websites were transferred in terms of the ownership. But that being said, we don't... What's your overwhelming evidence? The overwhelming evidence is, in 2008, they were presented with a choice, and they admit this. The choice was, you have these websites, they're your side business. You can either end the websites, end the side business, or bring them in-house. Their employment from 2009 onward was based on the agreement to bring the websites in-house. But that being said, Your Honor, I don't want to get too caught up in this issue. I can continue to talk about the evidence. But I don't think ownership... All right. But assuming... Let's assume there isn't overwhelming evidence. Let's assume there is insufficient evidence on the points you just made. Let's assume that we were to conclude that Mr. Silberman and Singer owned the websites. Then do you have a breach of fiduciary duty claim? Absolutely, Judge Smith, we do. Because they owe fiduciary duties, and that's a fiduciary duty to the company, to the business that it's conducting, which is this online store. If they didn't have the fiduciary duties, if their relationship to the plaintiffs was one in which they didn't owe fiduciary duties, a duty of loyalty, and a duty of care, that would be a different situation. Then the ownership question might be determinative. Is it the heart of your case, the loss of those websites? The heart of the case is the loss of the business. The business is being conducted through those websites. From what does the fiduciary duty arise if Mr. Silberman and Singer own domain names? The fiduciary duty is still to Health and Body Store, LLC, and to Hot Heads International. It's a duty of loyalty. Sure, sure. I understand that's what it is, but how then do you have a claim for it? What did they do to breach it? Because the store is gone. There is no business anymore. This is a shell company. They're still members of this company that now has no business. That's your hope to get those websites back into your business, isn't it? They have a fiduciary duty as employees, and they took a big chunk of our business away, and they breached the duty. That's right. Is that it? That's the argument. I think when the fiduciary- But if you were to conclude that these are their websites, that they were never transferred, that they're registered in the name of Silberman, I think it's Mr. Silberman. That's correct, Your Honor. Doesn't that completely undercut your argument? No, Your Honor. I really don't think it does, because compare this with the situation where the defendants are independent parties. They own the websites, and for whatever reason, they own the domain names, and for whatever reason they're allowing the domain names to be used by the plaintiff. That is a different situation. Then if the plaintiff doesn't have a breach of contract claim for use of the domain names, I don't think the plaintiff can proceed against those defendants. Here though, the duty is to the company as a member. In this context, where the business that's being conducted for two years are these websites, is the store that's being offered on these websites, that can't mean anything else than a duty to pursue that opportunity through the company. The minute that they decide to take that opportunity and use it for their own personal benefit, regardless of ownership, the minute they decide that, they've breached both the duty of loyalty and care. What's the loss to you? The loss of business? The loss of business, the loss of goodwill, loss of reputation, loss of control. Aren't those elements compensable in monetary damages? The loss of control over reputation and goodwill is not. Reputational damages cannot be awarded? Well, the issue here is that now the defendants are operating this website on their own without the infrastructure that had been built for two years through the Health and Body Store and Hot Heads International. So we don't know what... That loss to you cannot be compensated? We don't know, for example, Your Honor, we don't know if the same customer service is being offered, if they're not getting customers that they would have been getting. I thought there was testimony in this case, perhaps by your Chief Financial Officer, that all of the damages that you were asserting could be reduced to monetary damages. Respectfully, Your Honor, I don't think that that was the testimony. He said that there was... That was the testimony. The testimony was that damages could be calculated, but that wasn't exclusive to say that all damages could be calculated. And nonetheless, as a matter of law, under this Court's decision in Esnar v. Gibelud, the loss of control over reputation and goodwill is an irreparable harm. And I would point out, Your Honor, that the judge, the district court judge in this case found that there would be irreparable harm. That wasn't seriously in dispute in the judge's mind. So I think that is... That's clear from the record. Let's talk for a minute about your Lanham Act claims. Your assertion under 43A that there's a false designation of origin. That assumes, right, the ownership of the mark in question, right? It's not just the ownership of the mark, Your Honor. It's also the designation of this as a health and body store. Well, when you say the designation, aren't you just saying the mark again? What you're saying is they're doing business under that name, and they're not entitled to do business under that name. We are the ones who are entitled to do business under that name, and therefore, their doing business under that name is likely to cause confusion. That's got to be the arc of the argument, right? That is one piece of it. I agree with that, Your Honor. But I think it's broader than that because it's the entire website, the identical website that's up, the same website that was up as a health and body store website, health and body store LLC website before October 2011, the same website's up now. There's a virtual certainty of confusion as to who is the... The point is, and maybe the use of the word mark is what's throwing me off my question here, but you're claiming that you and you alone, health and body works LLC, are entitled to operate with that name and identity, right? Because if you don't have that, right, you don't have a 43A claim, do you? And I think, and I agree with the statement as you just put it. That's right, Your Honor. So that is a question which at the preliminary injunction stage where you had to prove a likelihood of success on the merits that the court was, with the dispute about who really does own the name, who's got the ownership rights, that, I mean, can we say it's an abuse of discretion for the district court judge to say, well, at least at the preliminary stage, you don't get it. That's an abuse? I think it is an abuse here, Your Honor, because the analysis that the district court conducted on this issue was all of one sentence. He just said, I find no likelihood of confusion. And that's not sufficient to rule out our Lanham Act claim. We have to read that in light of his other statements in which he indicated, I think, the ownership of this, the domain name registration and everything is still in the name of the Just Brand Fellows, Mr. Singer and Zilberman. Doesn't that inform the way we should read and understand his statement? I think it does, Your Honors, but I also think there is a distinction here between ownership of the domain name and the websites themselves, the store, which is designed and was the store for the health and body store. So just because he found that they hadn't transferred the domain names, I don't think that that is dispositive of the issue of likelihood of confusion or unfair competition with respect to the entire websites. I think that confusion is apparent on its face based on the fact that it's the same websites that were at one time being operated by the plaintiffs. But it all stems from your false designation of origin claim has to rely in the first instance on your breach of fiduciary duty claim, right? Because if it's not the case that they breached the duty to you and they were entitled to walk away with that, then they're the ones entitled to operate that website under that name, right? I mean, it comes back. Your breach of fiduciary duty claim is a predicate, isn't it, for this false designation of origin claim? If anything, Your Honor, I think that the, I would say the fiduciary duty is probably broader in the sense that they are insiders in this company and they owe a duty of care and loyalty to advance this business and advance the opportunity. They're certainly linked. There's no question about that in the sense that if the plaintiffs just had no right to this website, there might be an, it wouldn't, would be, would undercut the Lanham Act claim. But that being said, I think there's a fiduciary duty claim one way or another. Okay. Thank you, Your Honor. Mr. Palamas, thanks very much. Mr. LaPuma? May it please the Court, Your Honor. I'm Michael LaPuma. I represent the appellees, Justin Singer, I'm sorry, Justin Silverman, Brandon Singer, and Just Brand Limited. I think Your Honor's questioning has hit on what the threshold question in the case is, which is, did Health and Body Store ever own these domain names and websites? Is that the threshold issue? I mean, I'd like you to speak to Mr. Palamas' argument that in one sense, it doesn't matter who owned the registration to the website. These folks entered into an LLC agreement. There's no disputing that. And as a matter of Pennsylvania law, once you enter that relationship, you have taken on yourself fiduciary obligations to the people who are in that LLC ownership with you and that given that, you're not entitled to surreptitiously stock your home with inventory and then go to the bank and change the account access information. In effect, in the brick and mortar world, change all the locks on the store and throw your partner out. That would seem to me to be the threshold issue more than who owns the domain name, isn't it? I respectfully disagree, Your Honor, because I believe that the scope of the fiduciary duty that was owed is determined by what is actually the property of the company. And in fact, Your Honor, in that regard, I know that in their brief, the appellants have made great reference to Section 8943 of the Limited Liability Company Act, which they say defines the fiduciary duties that were owed. The specific language of that act says that those who owe fiduciary duties have a duty to account to the other members for the profits that they make allegedly in breach of their fiduciary duties. That's a damages issue. Also, the critical language of 8943 also says that the members of the LLC have a duty to account with respect to, quote, its property. And that language is... Are you suggesting that there's not a general fiduciary duty imposed on members of an LLC with respect to the business of the LLC? Generally you're... Because it's nothing more than an accounting responsibility? No, Your Honor, but what I would say is that, again, that what is the property and what is the actual business of the LLC defines the scope of what the fiduciary duty is. So what was the business of this LLC? I think Judge Goldberg recognized that the business of the LLC was a vehicle for the temporary sharing of revenues from the Internet business while the parties tried to negotiate a final agreement. Was there anything, anything in the record at all to support the assertion that this was a temporary arrangement? There was, Your Honor. I think Mr. Silverman and Mr. Singer both testified at length about the fact that when Mr. Zelenko, who was the CEO of HotHeads, approached them about trying to build a joint venture around the business, Mr. Silverman testified, I agreed to temporarily share the revenues from these domain names and websites with HotHeads, with the appellants, while we tried to work out a final agreement. And I think the record was perfectly clear that that agreement was never forthcoming. If the agreement is not forthcoming, doesn't, I mean, I understand that you've taken the view, and the district court did too, that that redoubts to your client's benefit. But I want you to respond to what Section 8904 of the Pennsylvania statutes say in, with respect to LLCs. It says, if the certificate of organization does not contain a statement to the effect that the limited liability company shall be managed by managers, something you've pointed out, it doesn't. The members shall be deemed to be general partners for purposes of applying the provisions of those chapters, shall be deemed to be general partners. If these folks are deemed to be general partners, doesn't that carry with it all the freight of fiduciary responsibility to the management of the business, regardless of whose name the domain registration is in? Well, respectfully, Your Honor, I'd like to clarify one point. I think it's clear from the record that Mr. Silverman and Mr. Singer were not members of Health and Body Store. The only member of Health and Body Store on the appellee's side was Just Brand. So to the extent that anyone has a fiduciary duty on the appellee's side, it's Just Brand. And is the position that you're taking that Just Brand, which, to my reading, is nothing but the nominee and a vehicle that your clients formed for the purpose of performing this business, that that means they don't have a responsibility, that individuals, the only two individuals involved with Just Brand Inc. don't have any fiduciary responsibility through Just Brand? Well, Your Honor, I believe that's correct, at least, and I don't believe there's any evidence of record to suggest that, in this case at least, that it should be otherwise. And here's why. Let me touch on a point of law that they made. The case that they cited for that proposition, that an individual who is a member of a company that, in turn, belongs to some sort of joint venture, individually owns a fiduciary duty to that joint venture is the Alpart case. But if you look at the Alpart case, it was actually the individual that was part of the joint venture. It wasn't this case that they're trying to seek, which is derivative liability. The other point is that, in this case – How far does that get you, sir? Let's take that to its logical extent. If Just Brands were found to be in violation of its fiduciary duties to Health & Body Store LLC, because of the actions of the only human beings associated with it, your individual clients, at the end of the day, would the response being given by your clients be, well, that's Just Brand, we don't have anything to do with that? No, I don't think that would be fair, Your Honor. I don't think that would be fair. If I may, though, again, though, I'd also like to touch on another point about this fiduciary duty and what it actually consisted of. I heard Mr. Palumbo say that my clients owed a fiduciary duty to hotheads. I don't believe they raised that in their papers, and regardless, the fact is that they were simply employees of hotheads. They were not officers or directors of hotheads whereby they would owe some sort of fiduciary duty in their capacity as employees of hotheads. The other point is that the very... That's exactly what he was saying. That's exactly what he argued. He was asked. As employees, they have a fiduciary duty. I'm not sure what case he's citing for that position, Your Honor, but the other thing I'd like to say is even under, if he's referring to the Crown-Cole case or the Riggs cases that he cited, that lays out what the fiduciary duty is. Now, Riggs involved an officer, and Crown-Cole involved employees, but what the courts in non-compete, and it's clear from the record that there were no non-competes or non-solicitation agreements at issue here, that you have the right to prepare to leave while you're still employed by the employer, and then after you leave, you have the right to compete with the employer so long as you don't use any confidential information, and that is precisely what happened here. They were upset about the fact that they were being oppressed by hotheads. They prepared to leave. They used their own money to purchase inventory. They then left and continued to run the businesses which they had been running before because the websites and domain names had already always been under Mr. Silverman's ownership and control. Would you concede that if they had fiduciary obligations, taking those steps would be a breach of those obligations? No, Your Honor, because I think that's what Crown-Cole says is that it would not be, that they are entitled to prepare to compete and then compete afterwards absent a non-compete. Even if you have a fiduciary responsibility to the success of a business, if you unilaterally decide you don't like the way it's going, you're entitled to pick up and gut the business because that's what happened, right? I mean, Health and Body Stores LLC's got nothing at this point. They took the business lock, stock, and barrel and walked with it, leaving the business to which, in the hypothetical I'm posing to you, they have a fiduciary duty with zero. And it's your position that that is consistent with Pennsylvania fiduciary duty law? I believe that's what Crown-Cole says, Your Honor. I believe that they're entitled to compete. And if I... That's a remarkable thing. That's a whole new view on fiduciary duty law. Well, Your Honor, I think, if I may distinguish, you're talking about fiduciary duty law with respect to employees? If... No, no, no, no. I'm posing a hypothetical to you. I'm not buying into the employees have fiduciary responsibilities as employees. I'm not making that part of my hypothetical. I'm asking you to accept, for purposes of discussion, if they had fiduciary duties because of the LLC, which Just Brands had an ownership interest in as a member, if that brought with it the full panoply of fiduciary responsibilities that a general partner would have, would it then be the case that the steps that they took, which you just cataloged for us, would constitute breaches of that fiduciary duty? No, Your Honor, because I think it's... You're talking about two different things. Again, I think they have their right to compete. I'm not sure if I'm... I'm afraid I'm not answering your question, though. But the... Yeah. It's really... And I'm not sure there is any answer except, yeah, it's a breach. I mean, if they've got a fiduciary duty, how can it be consistent with the fiduciary duty to gut the business? Well, if I may say two things, Your Honor. I think the premise of that, that it gutted the business, is incorrect. There were three websites... There were, Your Honor. There were three websites and domain names that were part of this business. There were the two that we're talking about here, healthandbodystore.com and thewarmingstore.com. There was hotheads. I'm sorry. And even if there were a couple others, would you accept that it hurt it really bad? Just not... It gutted it. It hurt it really badly. If you accept that, isn't that a breach of fiduciary duty? No, Your Honor. Under their... Although, under their theory, it would be a breach of fiduciary duty as to the issue of profits, not as to the domain names and websites. Because again, I come back to my original point. The scope of their fiduciary duty is determined by what is the property of the company. So let's say, Your Honor, let's say that Your Honor's correct with all the points that you're making. The remedy at that point would be damage is not an injunction to get the websites and domain names back. Okay. Well, now we're talking remedies. I'm on liability right now. We can at least agree, whether the remedy is an accounting or some other thing like that, we can at least agree that if you do damage to the business, you affirmatively do damage to the business to which you owe a fiduciary responsibility, you're in breach of your fiduciary responsibility, right? Yes. So this case, in a critical way, comes down to the question of, was the judge correct at the preliminary injunction stage to say, I don't think you've got any fiduciary duty here because there was no partnership entered into, right? Correct, Your Honor. A fiduciary duty with respect to the domain names and the websites. With respect to the business. How can you say with respect to the domain names? I mean, if they've got fiduciary duties, they've got fiduciary duties to the business. They don't just have fiduciary duties to the extent they contributed to the business. They've got fiduciary duties to the business as a whole. Nobody says, well, I'm joining this partnership and I'm putting in my $10,000 and you're putting in your $90,000, but then I've only got fiduciary duties for one-tenth of what's going on in there. As a general partner, I've got fiduciary duties for everything that's going on in there, right? Well, yes, Your Honor. No, Your Honor, because that was never property of the business, and I think here the remedy does matter. Let's say under the hypothetical that you're posing, they did owe fiduciary duties and there was a breach of fiduciary duties. The question is, what is the scope of the fiduciary duty they owe? You're saying that, okay, it really hurt the business. The question is, I think the remedy does matter then. The remedy then is what they're pursuing currently, what we're pursuing in front of Judge Goldberg. Claims and counterclaims for money damages. Under Section 8943, you have a duty to account for the profits. You have a duty to account for what you did with the property of the LLC. That doesn't speak to the question of liability, which is where we are. I mean, under Judge Goldberg's view of this case, there was no duty to begin with, and if his view of that is pinned on the idea that there was no partnership, I'm not sure that it's helpful to leap ahead to remedy issues because the question of liability, I mean, it takes me to the question that your opposing counsel has put forward, which is there's an abuse of discretion in not giving effect to the existence of the LLC. The statute which says members shall be deemed to be general partners. That needs to be given effect, and it's something that the judge didn't give any attention or credence to, and that's the abuse of discretion. That's the point, I guess. At the end of the day, that's the thing, I guess, that's most significant to me to have you answer. Well, I think, Your Honor, I think Judge Goldberg did address the point. I think at the bottom of page 7 of his opinion, he specifically referred to and acknowledged the evidence they presented about this 75-25% split that they claim is what the constituency of Health and Body Store was, and he said, quote, it's based more on revenue sharing than the actual websites, and I think that, again, comes back to my original point about the threshold question being what was the property of this LLC? If the domain names and websites were never the property of the LLC, well, they may have a claim for money damages that you usurped a corporate opportunity, that you unfairly competed with Health and Body Store, and we're entitled to get back all the sales that you're making right now. What they don't have the right to do, and again, I'm sorry I keep coming back to the question of remedy, is you don't have the right to force Mr. Silverman, who has always owned these domain names and always controlled them and always owned the websites, to force them to turn them over to the appellants when they never owned them in the first place. Thank you, Your Honors. There was, could you speak about the target of the injunction? I mean, there was, what specifically was enjoined in addition to the use of trademarks? You mean what my clients voluntarily agreed to, Your Honor? Is that right? It was. At the teleconference that we had with Judge Goldberg on the TRO, we agreed to, I'm sorry. What is currently enjoined? What is currently enjoined is posting any of the appellant's trademarks on the websites in question, and my clients have stopped selling the appellant's products as well. Thank you. Thank you, Your Honors. Mr. Colombo, maybe you can help and just tell me, what are you seeking to be enjoined? Your Honors, we're seeking to have the websites and control the websites returned to Health and Body Store, so it would essentially be giving us the passwords again. Is it Hot Heads currently doing business with its own website? That's right, it is, but the vast majority, the testimony is that the vast majority of business and practically the whole business of the Health and Body Store was in these other two websites. And I think your questions reflect an understanding of the fault lines and the arguments here. I just want to hit on a couple of points very quickly. 8943 of the LLC law, it's broader than just a duty to account for the use of corporate or of company property. It also relates to any transaction connected with the organization or the conduct of the company. So it's not just about whether or not the website was actually a property, it's about the conduct of the company, and that relates specifically to the business. Could the District Court, let's play pretend here for a second, and assume that the District an LLC here, Jess Brams is a member, there's fiduciary responsibility there under section 8904, but I am not at all convinced that the right remedy for this is to force the return of the website into the business. There's been a fundamental breach of the trust here. These people can't operate together as partners in good faith, and we're going to try to unwind this in an orderly way, maybe with an accounting, for example. Would that be an abuse of discretion? I think it would, Your Honor, because there is... There's only one remedy, give them back the websites? Well, because of the irreparable harm that results in the defendants taking control of the entire business. Don't you just put the rabbit back in the hat by saying the irreparable control of their taking business? If it's something that can be remedied by winding stuff down because of the fundamental breach that's gone on here, is it an abuse of discretion for the judge to say, I'm not giving you the relief you seek, even though I agree there's some liability here? Your Honors, I'm not... I'm not sure exactly how Judge Goldberg would answer that question. That is not reflected in the record, and that's certainly not what the decision was based on. I suppose it's possible that if he had issued an opinion that considered that carefully and considered what the effect of the injunction would be, the practical effect on the parties, that that would be a different case before this Court, essentially.  Thank you very much, Your Honors. Thank you very much.